UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MOHAMMAD ELGHEMBRI,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | Case No. 24-cv-02772-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that a podiatrist has treated his calluses with surgery rather than by cleaning them. His amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

From the filings, it is clear that doctors treated his calluses with debridement, which is the removal of damaged tissue. This does not constitute surgery, but rather the very cleaning of the calluses that Elghembri sought. And even if it was not the treatment he sought, a disagreement over what treatment should be provided does not constitute deliberate indifference. Moreover, Elghembri admits the treatment provided relief from his pain. This federal civil rights action is DISMISSED for failure to state a claim for relief.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

1  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

2  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

3  upon which relief may be granted or seek monetary relief from a defendant who is immune

4  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

5  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6        A "complaint must contain sufficient factual matter, accepted as true, to 'state a

7  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

8  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

9  plausibility when the plaintiff pleads factual content that allows the court to draw the

10  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

11  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

12  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

13  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

14  (9th Cir. 1994).

15        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

16  elements:  (1) that a right secured by the Constitution or laws of the United States was

17  violated, and (2) that the alleged violation was committed by a person acting under the

18  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

19  **B.   Legal Claims**

20       **1.   Original Complaint**

21        In his original complaint, Elghembri alleged that on an unspecified date a podiatrist

22  at San Quentin State Prison, Eman Elmi, performed surgery on his callus without his

23  consent rather than cleaning it as he requested.  (Compl., Dkt. No. 1 at 6-8.)  From the

24  complaint and the attached documents, it appears that Elghembri has been treated for

25  calluses since at least 2022.  (*Id.* at 26.)  These treatments included the removal of

26  damaged tissue (debridement), which does not constitute surgery but rather the very

27  cleaning of the callus that Elghembri sought.  The complaint was dismissed with leave to

28  file an amended complaint in which Elghembri was directed to specify what procedure was

performed and, because he spoke of treatment in 2022 and 2023 and it wasn't clear when the crucial events occurred, what date the procedure was performed.

### 2. First Amended Complaint

In his amended complaint, Elghembri alleges that it took over five years of surgical treatment for him to feel relief and that his doctors never cleaned his calluses. (Am. Compl., Dkt. No. 13 at 3-4.) From the complaints and filings, it appears that his doctors treated his calluses by removing damaged tissue (which was debridement, not surgery) and that the treatment was effective. These allegations fail to state a claim for relief.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). Here, the doctors provided reasonable medical treatment and therefore were not deliberately indifferent. Also, the debridement, that is, cleaning, was the treatment Elghembri sought. Even if he sought another treatment than the one provided, that does not amount to deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004) (a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference).

## CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 18, 2025

WILLIAM H. ORRICK
United States District Judge